UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-cv-335-KKC

BIRCHWOOD CONSERVANCY d/b/a
WORLD HERITAGE ANIMAL GENETIC
REPOSITORY INSTITUTE                                                                              PLAINTIFF

VS                                    **OPINION & ORDER**

JEREMY WEBB, et al.                                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the nearly identical motions filed by Defendants, Jeremy Webb, Tony Hampton and Ben Jones, to strike Plaintiff, Birchwood Conservancy d/b/a World Heritage Animal Genetic Repository Institute's, Rebuttal Expert, Irinia Polejaeva, Ph.D. [DE #170, 171]. Plaintiff has not filed a response to these motions and the time for doing so has now expired. Thus, this matter is now ripe for review.

Defendants primarily argue that Polejaeva should be stricken as an expert because Plaintiff has been unable to make her available for a deposition. On May 15, 2014, United States Magistrate Judge Robert E. Weir ordered the parties to complete depositions of Plaintiff's three rebuttal experts no later than June 30, 2014 [DE #138]. Defendants' motions thoroughly describe the extensive efforts made by defense counsel to schedule Polejaeva's deposition at a time mutually convenient for all parties and Polejaeva. On multiple occasions, defense counsel provided several potential dates to Plaintiff's counsel and even offered to travel to Utah for the deposition. However, the parties were unable to schedule Polejaeva's deposition, first because Plaintiff's counsel was unable to obtain specific information requested by Defendants regarding Polejaeva's fee, and then because Polejaeva was apparently unresponsive to Plaintiff's counsel's

requests for dates. Although Defendants concede that Plaintiff's counsel appears to have made several good faith attempts to secure additional dates from Polejaeva, these attempts were unsuccessful and Defendants, apparently through no fault of their own, were unable to take Polejaeva's deposition.

Rule 26(b)(4)(A) provides that a party may depose any person who has been identified as an expert whose opinions may be presented at trial. Fed. R. Civ. Pro. 26(b)(4)(A). Thus, once Polejaeva was identified by Plaintiff as an expert, Defendants were entitled to take her deposition. Indeed, as noted above, the parties were ordered to complete the depositions of Plaintiff's rebuttal experts, including Polejaeva, by June 30, 2014. Despite Defendants' extensive efforts to schedule this deposition, this did not happen.

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, when a party fails to obey an order to provide or permit discovery, the court "may issue further just orders," including prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; or dismissing the action or proceeding in part. Fed. R. Civ. Pro. 37(b)(2). Factors to be considered when imposing sanctions include: "(1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988).

Here, it is clear that Defendants have been prejudiced by their inability to depose Polejaeva prior to trial. Although Defendants may have Polejaeva's expert report, there can be little doubt that reviewing a prepared report is no substitute for having the opportunity to

question a witness and explore his or her opinions in a pre-trial deposition. In addition, the parties in this case have been repeatedly warned that their failure to comply with Court orders would result in sanctions [DE #14, 85, 93]. Despite these warnings, Magistrate Judge Weir has noted that there have been order violations at various point in this case, and by more than one party, and has described the litigation as protracted and contentious and its history as tortured [DE #85, 115, 131]. Thus, the parties have been put on adequate notice that their failure to cooperate in discovery could result in sanctions.

Moreover, the sanction being sought here is not as drastic as dismissal of Plaintiff's case. Rather, striking Polejaeva as a witness is directly related to Plaintiff's failure to produce her for a deposition. *See Taylor*, 861 F.2d at 986 (noting that striking the affidavit of the plaintiffs' expert witness as punishment for the plaintiffs' repeated failure to produce the witness for a deposition by defendants was a sanction directly related to the plaintiffs' misconduct). Finally, and quite significantly, Defendants' motions seeking to strike Polejaeva are unopposed. Thus, for all of these reasons, the Court finds that striking Polejaeva as an expert witness in this case is appropriate.

Defendants also briefly argue that Polejaeva's opinions only detail the viability of cloned offspring in an attempt to rebut the opinions of Defendants' expert as to the likelihood of producing goat offspring from the tissue samples of Gus and Kirby (the goats shot by Webb). Because Plaintiff has recently stated in other motions that the repeated attempts to clone the goats have failed and that it appears that cloning of the goats will be unlikely, Defendants argue that Polejaeva's testimony is now irrelevant. However, because Polejaeva is being stricken due to Plaintiff's failure to produce her for a deposition, there is no need to address the relevancy of her proposed testimony at this time.

For all of the foregoing reasons, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

1. Defendants, Jeremy Webb, Tony Hampton and Ben Jones, motions to strike Plaintiff, Birchwood Conservancy d/b/a World Heritage Animal Genetic Repository Institute's ("Birchwood's"), Rebuttal Expert, Irinia Polejaeva, Ph.D. [DE #170, 171] are **GRANTED**;

2. Irina Polejaeva, Ph.D. is **STRICKEN** as an expert witness in this case.

Dated August 29, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY