UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-cv-335-KKC

BIRCHWOOD CONSERVANCY d/b/a
WORLD HERITAGE ANIMAL GENETIC
REPOSITORY INSTITUTE                                                                  PLAINTIFF

VS                                       **OPINION & ORDER**

JEREMY WEBB, et al.                                                                   DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion filed by Plaintiff, Birchwood Conservancy d/b/a World Heritage Animal Genetic Repository Institute ("Birchwood"), for leave to supplement its expert witness list naming Dr. Michael Reed as an additional expert witness [DE #179]. Defendants Jeremy Webb, Sheriff Tony Hampton and Sgt. Ben Jones have filed responses opposing the motion [DE #182, 184]. This matter having been fully briefed, it is now ripe for review.

Under the original scheduling order in this case, the parties were required to disclose the identity of expert witness who may be used at trial and those experts' written reports by March 31, 2013, with rebuttal witnesses to be disclosed 30 days thereafter [DE #14]. Pursuant to a request for an extension of time by Birchwood, the Court extended this deadline to give Birchwood until March 28, 2013 to disclose its experts and their respective reports [DE #37]. In accordance with this order, Birchwood's experts were disclosed on March 28, 2013 [DE #41]. Birchwood's expert list did not include Dr. Reed. At no other time has Birchwood been granted

an extension of time to identify its experts. Thus, the deadline for identification of Birchwood's experts was March 28, 2013.

After difficulties taking the deposition of Lucinda Christian, a principal of Birchwood and, according to Defendants, a person whose deposition needed to be taken before Defendants could disclose their experts, Defendants sought additional time to disclose their experts [DE #42, 63]. This request was granted and the deadline for Defendants' expert disclosures was extended on multiple occasions [DE #47, 93]. Eventually, Defendants were given until February 14, 2014 to identify their experts and disclose their respective reports [DE #93]. Because of multiple complications and delays, mostly related to Birchwood's retention of a second, third and fourth set of counsel, Birchwood was given until March 31, 2014 to disclose purely rebuttal expert witnesses and reports [DE #105]. United States Magistrate Judge Robert E. Wier made clear to the parties that these expert witnesses were to be purely rebuttal experts [DE # 93, 105, 131, 138]. In addition, Magistrate Judge Wier has repeatedly warned Birchwood's new sets of counsel that they were accepting the case "as is" and would not be given a new discovery schedule [DE #85, 137]. However, Birchwood now seeks to amend the current scheduling order to permit it to identify a new expert, Dr. Reed, well past the expiration of the deadline to disclose its expert witnesses.

Rule 16 states in part that, after receiving the parties' Rule 26(f) report, the district court "must issue a scheduling order" that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16 (a), (b). Rule 16(b)(4) further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule is designed to ensure "that at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16(b), 1983 Advisory Committee Notes.

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* With these considerations in mind, the Court finds that Birchwood has not demonstrated good cause sufficient to justify modification of the scheduling order to permit the delayed identification of Dr. Michael Reed as an expert.

Birchwood's complaint alleges that the replacement value of each of the goats shot by Webb is $95,000.00 [DE #1 at ¶¶ 14, 18, 23]. Birchwood now states that the replacement cost of $95,000.00 per goat was based on the cost to clone the goats. According to Birchwood, animal geneticists have been working to clone the two goats since the time of the shooting. However, Birchwood states that its representatives have recently been informed by animal geneticists that cloning has not been successful and that it is not likely that any cloning attempts will be successful. Birchwood further states that the only viable way to recreate the goats that were killed is to restart the same 8-year breeding program that had been conducted by Birchwood to create the two goats killed by Webb. Accordingly, Birchwood claims that its damages have changed from the amount of money that it would cost to clone the goats to the amount of money it would take to restart and carry-out the 8-year breeding program from scratch.

According to Birchwood, Dr. Reed is an agricultural economist at the University of Kentucky. He has been identified and deposed as one of Birchwood's rebuttal experts. However, Birchwood now seeks to rely on Dr. Reed in its case-in-chief to testify as to the costs it would take to restart the breeding program, including costs for herd and guard dogs and relocating the program from Scott County, Kentucky to a "safe and secure" location. Dr. Reed also opines that the goat project would have "increased goat milk production by 0.5% in Africa

creating a $6,500,000.00 per year loss projected over 8 years when the restarted program is completed and improved goat genetics are available" [DE #149, quoting DE #134-4 at p. 6]. Thus, the discounted damage claim advanced by Dr. Reed in his report is approximately $42,800,000.00. Suffice it to say, this is significantly different from the replacement value of $95,000.00 per goat sought by Birchwood in its complaint.

Birchwood's belated attempt to amend its complaint to expand its damages claim to include the damages theory advanced by Dr. Reed was previously denied by this Court [DE #194]. For similar reasons, Birchwood will not be permitted to identify a new expert witness nearly 18-months after the expiration of its deadline to identify experts. Although Birchwood claims that it "only recently" has learned that the cloning attempts have failed, it supplies no evidence that it could not have learned this information sooner. "[G]ood cause is measured by the movant's 'diligence in attempting to meet the case management order's requirements.'" *Leary*, 349 F.3d at 906 (quoting *Inge*, 281 F.3d at 625). Even assuming the truth of Birchwood's claim that it only recently discovered that the loss of the two goats on November 8, 2011 would require it to restart its breeding program, it still offers no evidence that it was reasonably diligent in attempting to ascertain the extent of its damages or that there was some obstacle that precluded it from making that determination earlier. In sum, Birchwood has failed to demonstrate that, despite its diligence, it could not have reasonably discovered the extent of its damages claim prior to the expiration of the March 28, 2013 deadline to disclose its expert witnesses.

Moreover, permitting Birchwood to rely on Dr. Reed's opinion in its case-in-chief at this late stage in the litigation would be greatly prejudicial to Defendants. This case has been pending since 2012. Discovery is over. Dr. Reed's theory of Birchwood's damages is a

complete game-changer. Indeed, Birchwood had previously denied seeking any past or future lost profit and clearly listed the fair market value of the animals damaged or destroyed as $200,000.00 [DE #150-1 at p.2-3]. Despite Birchwood's arguments to the contrary, granting Birchwood's motion would require re-opening discovery to permit Defendants a fair opportunity to explore Birchwood's new damages theory. Permitting Birchwood to now advance a claim that its damages are not just limited to the "fair market value" of the animals, but instead includes what is essentially a $42 million "lost opportunity" claim without allowing Defendants a full and fair opportunity to take discovery on that claim would be fundamentally unfair and unduly prejudicial.

Birchwood claims that it is simply seeking to "supplement" its expert disclosures pursuant to Fed. R. Civ. Pro. 26(e). Rule 26(e) requires a party who has made a disclosure under Rule 26(a), including an expert witnesses disclosure, to supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or as ordered by the court. Fed. R. Civ. Pro. 26(e). However, Birchwood is attempting to identify a completely new expert on a completely new subject, well past the expiration of its March 28, 2013 deadline to identify experts, under the guise of "supplementing" an expert opinion. Birchwood overlooks that Dr. Reed was never identified by Birchwood as an expert in its case-in-chief. Rather, Dr. Reed was only identified as an expert needed to rebut the opinions of Defendants' expert, Dr. Mobini. Thus, to the extent that Dr. Reed's opinions go beyond purely rebutting Dr. Mobini's opinions, they do not "supplement" his previous report. Birchwood's

strategic maneuver goes against the spirit of the Federal Rules of Civil Procedure and will not be permitted.

For all of these reasons, Birchwood has failed to show any good cause to justify modifying the scheduling order as required by Rule 16 of the Federal Rules of Civil Procedure. Given the absence of good cause and the certain unfair prejudice to Defendants if Birchwood is now permitted to amend its expert witness list, Birchwood's motion for leave to amend its expert witness list to add Dr. Michael Reed as an expert witness in Birchwood's case-in-chief will be denied.

For all of the foregoing reasons, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

1. Birchwood's motion for leave to supplement its expert witness list with Dr. Michael Reed [DE #179] is **DENIED**.

Dated September 9, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY